IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. S-05-0343 FCD (GGH) |
| vs. | |
| ROZA GASPARIAN, | |
| Defendant. | ORDER |

Defendant moved for an order under Rule 7(f) of the Federal Rules of Criminal Procedure for a bill of particulars. The defendant alleges that the government indictment lacks the specificity required to allow for the preparation of an adequate defense. The government responds that it has met its pleading obligations under the Rules through its recitation of the allegations. Furthermore, the government contends that its subsequent discovery materials preclude the need for a bill of particulars. Because the indictment alleging a scheme is treated under the same rules, more or less, as a conspiracy and because subsequent discovery materials contain sufficient information for the defendant to prepare her case, the defense motion is denied.

Discussion

The Federal Rules of Criminal Procedure permit this court to direct a bill of particulars when an indictment fails to provide enough specificity to allow a defendant to prepare

1

1  for trial.  Fed. R. Crim. P. 7(f); Will v. United States, 389 U.S. 90, 99, 88 S. Ct. 269, 275-76
2  (1967); Charles Alan Wright, Federal Practice and Procedure, § 129, at 434 (83d ed. 1999).  A
3  bill of particulars is appropriate when an indictment is so lacking in specifics that it cannot assist
4  the defendant in preparing for trial.  United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979),
5  cert. denied, 444 U.S. 979, 100 S. Ct. 480 (1979).  A bill of particulars is also necessary in order
6  to present surprise at trial or to avoid implicating double jeopardy in subsequent prosecutions.
7  Id.

8              An indictment must contain a "plain, concise, and definite written statement of the
9  essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c).  In examining the
10 specificity of the allegation, an indictment need only provide enough information to advise a
11 defendant of the specific acts of which they are accused.  Giese, 597 F.2d at 1180; United States
12 v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cri. 1989).

13             The government charged a common scheme to defraud in which all defendants are
14 liable for the acts of their co-defendants, regardless of their knowledge of those particular acts.
15 In this regard, co-defendant liability attaches as it might in a conspiracy.  See United States v.
16 Stapleton, 293 F.3d 1111, 1116 (9th Cir. 2002) ("[T]he existence of a scheme to defraud, which,
17 when more than one person is involved, is analogous to a conspiracy"); United States v. Lothian,
18 976 F.2d 1257, 1263 (9th Cir. 1992).  In conspiracy cases, where a particular defendant may be
19 vicariously liable for the acts of others, general information about the acts of others and their
20 connection to the common scheme may be necessary items in the preparation of a defense.  See
21 United States v. Ayers, 924 F.2d 1468, 1484 (9th Cir. 1991) (holding that denial of a bill of
22 particulars was proper when the indictment alleged five separate means and methods used to
23 carry out the conspiracy and 15 overt acts in furtherance of the conspiracy); United States v.
24 Bosch, 385 F.Supp.2d 387, 391 (S.D.N.Y. 2005) (denying co-conspirator's motion for a bill of
25 particulars where the indictment stated the precise creation date of the conspiracy and described
26 the overt acts of the other party to the conspiracy).

However, under the law as charged in this case, membership in the scheme, and not the particular acts of any person affiliated with the scheme, is the essential component of liability. Lothian, 976 F.2d at 1263. Criminal liability attaches with the creation and execution of the scheme to defraud, not every particular overt act in furtherance of the scheme. As a result, any information about specific acts which might be detailed by a bill of particulars is not required in this case.[1]

Furthermore, even if this court were to find the indictment lacking, subsequent measures by the government and defense counsel may negate the need for a bill of particulars. In determining whether a bill of particulars is required, the court must examine the other material provided to defendant. Giese, 597 F.2d at 1180; United States v. Clay, 476 U.S. 1211, 1215 (9th Cir. 1973). Discovery materials are one essential component necessary to provide defendant with the information needed to prepare their case. See United States v. Mitchell, 744 F.2d 701, 705 (D.C. Cal. 1984) (stating that informal attorney discussions may also replace a bill of particulars); United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) ("Full discovery will obviate the need for a bill of particulars."); United States v. Bucker, 610 F.2d 570, 574 (9th Cir. 1979). However, in some cases, overwhelming discovery may necessitate a bill of particulars because the volume of material may be such that defendants will be unable to direct their investigation toward particular facts and circumstances in order to be prepared for trial. See United States v. Bin Laden, 92 F. Supp.2d 225, 234-5 (S.D.N.Y. 2000).

In this case, the government has provided significant discovery materials and there is no allegation by the defendant that this material has overwhelmed her ability to focus her defense. This disclosed material is in accordance with the discovery obligations found in Federal

---

[1] The court was concerned about the penultimate paragraph of the indictment which set forth the nature of the scheme in this case. The paragraph commenced with the phrase: "part of the scheme." In connection with the court's questions, the United States has unequivocally represented that there is no other unalleged "part" of the scheme; what is alleged is *the* scheme which will be the subject at trial. The trial evidence will be pointed to establishing that alleged scheme.

3

Rule of Criminal Procedure 16, as well as Brady v. Maryland, 373 U.S. 83 (1963).  In addition, the government has provided Jencks Act witness statements and made all relevant investigative files pertaining to the case available to the defendant for inspection and review.  These files include Federal Bureau of Investigation records, medical charts, billing summaries, and recorded conversations that allegedly document the scheme to defraud.  Finally, the government has represented to this court that it intends to honor its discovery responsibilities throughout the course of this matter.

The already provided discovery materials is such to allow the defendant to focus her case against the government accusation.  As discussed above, because the allegation is one of a scheme to defraud, the discovery material documenting that scheme that has been provided by the government is sufficient to allow the defendant to prepare her case.  The government is not required to provide a bill of particulars which would reveal the "whens, wheres and with whoms" of its case.  United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001).

Conclusion

A bill of particulars is not necessary to allow the defendant to prepare for trial.  The indictment is sufficiently specific to allow the defendant to prepare her defense in light of the charged offense and its elements.  Furthermore, the significant discovery materials provided by the government obviate the need for any bill of particulars.  The defendant's motion is denied.

DATED: 2/1/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:035
gasparian.ord